In re Alan James MISHLER, M.D., Debtor.

EPSTEIN, EPSTEIN AND LOZOW, a Professional corporation, Plaintiff,

v.

Alan James MISHLER, M.D., Defendant.

Bankruptcy No. BK–R–85–00215. Adv. No. 85–0061.

United States Bankruptcy Court, D. Nevada.

Aug. 25, 1986.

attorney's fees because of Dr. Mishler's conduct, but this Court does not find that dispositive of the matter. This Court therefore concludes that the debt is primarily an award in the form of support and alimony, and to be nondischargeable. Counsel for the plaintiff shall prepare appropriate Findings of Fact and Conclusions of Law, and a Judgment, consistent with the foregoing.

**In Re Robert A. SCHILLING, Debtor.**

**Bankruptcy No. BK–R–86–00149.**

United States Bankruptcy Court,
D. Nevada.

Aug. 25, 1986.

Shawn B. Meador, Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for plaintiff.

Lawrence J. Semenza, Reno, Nev., for debtor/defendant.

### MEMORANDUM DECISION

JAMES H. THOMPSON, Bankruptcy Judge.

The parties have stipulated that this adversary proceeding to determine nondischargeability of a debt, under 11 U.S.C. subsection 523(a)(5), can be decided on the pleadings and the submitted briefs.

The Court finds that although the divorce court was disturbed by Dr. Mishler's conduct in the divorce proceedings, the court principally relied upon the present earning capacity of the parties and the status of the wife as the legal custodian of the four minor children in awarding the wife her attorney's fees. The court may very well have increased the award of the